# EXHIBIT A

FILED
2019 MAY 14 12:06 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 19-2-11634-0 KNT

**KING COUNTY SUPERIOR COURT**
**FOR THE STATE OF WASHINGTON**

**JOHN STEVENS and DEBORAH STEVENS,** a married man and married woman, and their marital community,

Plaintiffs,

v.

**PIERCE COUNTY,** a Washington Municipal Corporation,

Defendant.

**No. 19-2-11634-0 KNT**

**FIRST AMENDED COMPLAINT ADVERSE POSSESSION/QUIET TITLE, DECLARATORY JUDGMENT AND REQUEST FOR ORDER OF MANDAMUS**

## I. PARTIES AND JURISDICTION

1.1 Plaintiffs John and Deborah Stevens, a married man and woman, and their marital community, own a property located at 2211 87th Street Court NW, Gig Harbor, WA 98332; Pierce County.

1.2 Pierce County is a municipal corporation formed under the laws of Washington State and has improperly issued a Notice and Order to Correct that violated the Stevens' constitutional rights.



LAND USE & PROPERTY LAW, PLLC
6659 Kimball Drive, Suite B-201
Gig Harbor, WA 98335
(253) 853-1806
Jane Koler – Mark Adams of Counsel

1.3 This Court has jurisdiction over the Stevens constitutional claims. Administrative tribunals such as the Pierce County Hearing Examiner refuse to consider such constitutional claims based on the notion that they lack authority to decide such claims.

1.4 Because the Stevens property is located in Pierce County, venue would ordinarily be in the Pierce County Superior Court. But, because this action is against Pierce County, RCW 36.01.050 gives Plaintiffs Stevens the option of filing the action in an adjacent county.

1.5 King County is adjacent to Pierce County.

1.6 Thus, under RCW 36.01.050, it is appropriate to file this action in the King County Superior Court.

## II. FACTUAL BACKGROUND

2.1 This paragraph incorporates paragraphs 1.1 to 1.6 above as though fully set forth herein.

2.2 Mr. and Mrs. Stevens dwell in a Gig Harbor area subdivision known as West Passage Ridge.

2.3 Pierce County alleges that the West Passage Ridge Subdivision created an "Undisturbed Natural Screening Easement" on all lots within the subdivision. See Exhibit A attached hereto and incorporated herein by reference.

2.4 Unfortunately, neither the final recorded subdivision, the Pierce County Code, nor any written easement provides Mr. and Mrs. Stevens with the slightest notice that Pierce County has designated a "natural screening and utility easement" encumbering their property.

2.5 Visual inspection of neighboring lots also fails to provide notice of the location of the alleged "natural screening and utility easement" on lots near the Stevens' property.

2.6 The Pierce County Code fails to provide a description of how such a natural screening and utility easement might be defined, or what restrictions might apply to it.



LAND USE & PROPERTY LAW, PLLC
6659 Kimball Drive, Suite B-201
Gig Harbor, WA 98335
(253) 853-1806
Jane Koler – Mark Adams of Counsel

2.7 The "natural screening and utility easement" is an entity which purportedly exists entirely outside the scope of adopted Pierce County land use regulations.

2.8 Despite the fact that the Pierce County Code and other recorded documents gave Plaintiffs Stevens no notice of any requirements associated with a "natural screening and utility easement," Pierce County enforcement official Ray Hoffman called Mr. and Mrs. Stevens and told them he had to come and examine their property. The event giving rise to Official Hoffman's visit to the Stevens' property was the fact that they had removed a section of their back fence and entered their residential property via the road at the back of their property to facilitate transplant of materials for a construction project.

2.9 Mr. Hoffman did not solicit their permission to search their property; he told them he was coming to their property to inspect it and did not ask their permission to do so.

2.10 He went to their home, demanded entry to their backyard, and measured a water feature which Mr. and Mrs. Stevens had constructed at a cost of over $40,000.

2.11 Washington law, based on the Washington Constitution and the United States Constitution, demands that government agents must expressly ask property owners for permission to search private property, and if they cannot get permission after an express request, they must obtain an administrative warrant authorizing the search.

2.12 Mr. and Mrs. Stevens only learned about the location of the alleged easement after Pierce County official Ray Hoffman learned about it, told Stevens about it, and chastised them for constructing a water feature in it.

2.13 Mr. Hoffman also photographed the Stevens' yard during his unauthorized search.

2.14 Pierce County, without having given the slightest notice to Stevens about the "natural screening and utility easement" and restrictions governing it, issued an Order to Correct to the Stevens demanding that they seek a plat alteration or remove a water feature they had



LAND USE & PROPERTY LAW, PLLC
6659 Kimball Drive, Suite B-201
Gig Harbor, WA 98335
(253) 853-1806
Jane Koler – Mark Adams of Counsel

constructed on their property at considerable expense. See Exhibit B attached hereto and incorporated herein by reference.

2.15 But, all of Stevens' similarly situated neighbors had constructed improvements within the alleged easement area without being subjected to a County demand that they remove their improvements which consist of patios, water features, fire pits, landscaping, paths, and waterfalls within the "natural screening and utility easement."

2.16 Such neighboring lots have been allowed to keep such improvements.

**III. ADVERSE POSSESSION/QUIET TITLE**

3.1 This paragraph incorporates paragraphs 1.1 to 2.16 above as though fully set forth herein.

3.2 Stevens' predecessors, Thomas and Tina McKiernan, purchased the property in 2001 and constructed the home in 2003.

3.3 Stevens' predecessors, beginning in about 2003, cut down all trees located within the alleged "natural screening easement." They clear-cut the 25' wide open area and planted a few very low juniper bushes that provided no screening function.

3.4 They put mulch in the screening easement area and constructed a concrete firepit and patio within it in about 2003.

3.5 Mr. and Mrs. Stevens replaced the patio with vegetation and a water feature, and replaced the firepit with a pond.

3.6 Such construction activities are inconsistent with the purpose of a "natural screening easement." Presently, the "natural screening easement" has been replaced with backyard property uses such as a pond and landscape, and it no longer performs any sort of screening function; it no longer contains trees that perform any screening functions.

3.7 The Stevens' predecessors, Thomas and Tina McKiernan, also used the land designated as a "screening easement," in an open, notorious, continuous, exclusive, hostile



LAND USE & PROPERTY LAW, PLLC
6659 Kimball Drive, Suite B-201
Gig Harbor, WA 98335
(253) 853-1806
Jane Koler – Mark Adams of Counsel

manner under a claim of right, in excess of ten years for a patio and firepit; they clear-cut it, added mulch/bark, and low growing vegetation.

3.8 Such use extinguished title to the 25-foot-wide screening easement in the McKiernans/Stevens by 2013. They clear-cut the vegetation within the alleged screening easement, thus preventing the 25-foot wide area from performing any sort of screening function.

3.9 This Court should declare that Mr. and Mrs. Stevens and their predecessors, the McKiernans, extinguished the "natural screening" easement by adverse possession by 2013.

3.10 This Court should award costs and attorney fees pursuant to RCW 7.28.083.

## IV. ILLEGAL PROPERTY SEARCH

4.1 This paragraph incorporates paragraphs 1.1 to 3.10 above as though fully set forth herein

4.2 The Washington Constitution and the United States Constitution's Fourth Amendment demand that a government agency, like Pierce County, must obtain a search warrant or the permission of the property owner prior to searching private, enclosed property.

4.3 All evidence seized during private searches of the Stevens' property must be suppressed because it is the fruit of an illegal search.

4.4 This Court should declare that Pierce County violated Plaintiffs' constitutional rights to be free of illegal searches conferred by the Washington State Constitution and the United States Constitution.

## V. DUE PROCESS VIOLATION

5.1 This paragraph incorporates paragraphs 1.1 to 4.4 above as though fully set forth herein.



LAND USE & PROPERTY LAW, PLLC
6659 Kimball Drive, Suite B-201
Gig Harbor, WA 98335
(253) 853-1806
Jane Koler – Mark Adams of Counsel

5.2 Neither the West Passage Ridge Recorded Plat Notes, nor the Pierce County Code, notified Stevens regarding the no-build, no-touch restriction on the 25-foot wide "natural screening easement."

5.3 The most fundamental principle of due process requires notice to property owners of prohibited conduct.

5.4 County enforcement officials insist that the Stevens have violated County regulatory requirements governing natural screening easements; they claim that constructing water features on the ground within such areas is prohibited.

5.5 But, neither notes on the face of the West Passage Ridge Subdivision, easements recorded against their land, nor Pierce County regulations warn the Stevens that constructing water features or other landscape construction activities on their property are disallowed within the alleged, natural screening easement.

5.6 Due process requires that property owners be given clear notice of legal requirements before penalties are levied against them for violating such regulations.

5.7 The requirements imposed by the enforcement officials are not articulated anywhere. Stevens received no notice of the ad hoc, discretionary requirements Pierce County enforcement officials declared that Mr. and Mrs. Stevens must meet.

5.8 Significantly, the County Order to Correct fails to identify which section of the Pierce County Code contains the regulation it claims Stevens violated.

5.9 The Code and Subdivision Plat fail to warn Stevens that they cannot construct a water feature within the natural screening easement.

5.10 This Court should declare that Pierce County has violated Mr. and Mrs. Stevens' right to due process conferred by the Washington State Constitution and the United States Constitution.



LAND USE & PROPERTY LAW, PLLC
6659 Kimball Drive, Suite B-201
Gig Harbor, WA 98335
(253) 853-1806
Jane Koler – Mark Adams of Counsel

5.11 This Court should declare that the Pierce County Code and the West Passage Ridge Subdivision are unconstitutionally vague as applied to Stevens with respect to the requirements that County enforcement officials claim to apply to "natural screening easements." The Pierce County Code provides not the slightest notice to residents about what requirements apply to "natural screening easements."

## VI. EQUAL PROTECTION VIOLATION

6.1 This paragraph incorporates paragraphs 1.1 to 5.11 above as though fully set forth herein.

6.2 The County has singled-out Mr. and Mrs. Stevens and treated them differently than similarly-situated neighbors who have constructed landscape improvements and open water features within the natural screening feature.

6.3 There is no justification to treat Mr. and Mrs. Stevens differently than their neighbors.

6.4 This Court should declare that this enforcement action violates principles of equal protection. Equal protection is guaranteed to citizens by the Washington State Constitution as well as the United States Constitution.

## VII. 42 USC SECTION 1983 VIOLATION

7.1 This paragraph incorporates paragraphs 1.1 to 6.4 above as though fully set forth herein.

7.2 42 USC Section 1983 provides a remedy to property owners whose constitutional rights have been abridged by government officials acting under color of state law.

7.3 This Court should declare that defendant Pierce County has violated Plaintiffs' Fourth Amendment right to be free from unauthorized searches under color of state law.



LAND USE & PROPERTY LAW, PLLC
6659 Kimball Drive, Suite B-201
Gig Harbor, WA 98335
(253) 853-1806
Jane Koler – Mark Adams of Counsel

7.4 Defendant Pierce County has violated the rights of Plaintiffs to due process of law guaranteed by the due process clause of the Washington State Constitution and United States Constitution under color of state law.

7.5 Defendant Pierce County has violated the right of Plaintiffs to equal protection of law, guaranteed by the equal protection clause of the Washington State Constitution and United States Constitution under color of state law.

7.6 This Court should award damages to Plaintiffs for mental suffering resulting from such constitutional violations. This Court should award Plaintiffs their attorney fees and costs pursuant to this constitutional claim under 42 USC § 1988.

## VIII. PRAYER FOR RELIEF

NOW, THEREFORE, Plaintiffs pray that this Court will:

1. Declare that Stevens' and their predecessors, Thomas and Tina McKiernan, adversely possessed the 25-foot-wide screening easement located on the property; and

2. Declare that Pierce County violated Plaintiffs' constitutional rights to be free of illegal searches prohibited by the Washington State Constitution and the United States Constitution; and

3. Declare that Pierce County has violated Mr. and Mrs. Stevens' right to due process protected by the Washington State Constitution and the United States Constitution; and

4. Declare that the Pierce County Code and the West Passage Ridge Subdivision are unconstitutionally vague as applied to Stevens with respect to the requirements that Pierce County is enforcing with regard to "natural screening easements."

5. Declare that this enforcement action violates principles of equal protection guaranteed by the equal protection clause of the Washington State Constitution and United States Constitution under color of state law; and



LAND USE & PROPERTY LAW, PLLC
6659 Kimball Drive, Suite B-201
Gig Harbor, WA 98335
(253) 853-1806
Jane Koler – Mark Adams of Counsel

6. Enter an Order extinguishing the segment of the screening easement located on the Stevens' property; and

7. Award declaratory relief allowed by the Uniform Declaratory Judgment Act adopted by the Washington State Legislature; and

8. Order a writ of mandamus that Pierce County cease and desist its unlawful enforcement activities; and

9. Award costs and attorney fees pursuant to RCW 7.28.083; and

10. Award attorney fees pursuant to 42 USC Section 1988; and

11. Award damages; and

12. Grant any other relief which is just and equitable; and

13. Deem this Complaint to be amended if the interests of justice so demand.

DATED this 14th day of May, 2019.

LAND USE & PROPERTY LAW, PLLC

Jane Koler, WSBA #13541
Mark Adams, WSBA #1895
Attorney for Plaintiffs Stevens



LAND USE & PROPERTY LAW, PLLC
6659 Kimball Drive, Suite B-201
Gig Harbor, WA 98335
(253) 853-1806
Jane Koler – Mark Adams of Counsel


310080
WEST PASSAGE RIDGE
A RE-PLAT OF A PORTION OF LOT 12 OF THE G.H.A.M.R. SITUATED WITHIN THE NORTHWEST QUARTER OF THE SOUTHWEST QUARTER (GOVERNMENT LOT 3) IN SECTION 4 AND A PORTION OF LOT 27 OF THE G.H.A.M.R. SITUATED WITHIN THE NORTHEAST QUARTER OF THE SOUTHEAST QUARTER IN SECTION 5, TOWNSHIP 21 NORTH, RANGE 2 EAST OF THE W.M. IN PIERCE COUNTY, WASHINGTON
SHEET 3 OF 4 SHEETS
SURVEYOR'S NOTE:
THIS PROPERTY WAS ORIGINALLY CONVEYED UNDER AFN 1355387 ON 10/14/1944 AND THE ADJOINERS DEED WAS CONVEYED UNDER AFN 1356036 ON 10/24/1944 WHICH CAUSED AN OVER LAP IN DESCRIPTIONS-THIS PLAT'S DESCRIPTION IS SENIOR TO ADJOINERS DEED
LEGAL DESCRIPTION
PARCEL "A":
LOT 12 OF GIG HARBOR ABANDONED MILITARY RESERVATION IN SECTION 04, TOWNSHIP 21 NORTH, RANGE 02 EAST OF THE W.M., RECORDS OF PIERCE COUNTY AUDITOR;
EXCEPT A TRIANGULAR TRACT IN THE NORTHEAST CORNER OF SAID LOT 12 AS FOLLOWS:
COMMENCING AT A POINT ON THE MEANDER LINE 250 FEET NORTHERLY FROM THE SOUTHEAST CORNER OF SAID LOT 12; THENCE NORTHWESTERLY AT RIGHT ANGLES TO THE MEANDER LINE 256 FEET TO THE NORTH LINE OF SAID LOT 12; THENCE EAST 288 FEET, MORE OR LESS, TO THE NORTHEAST CORNER OF SAID LOT 12; THENCE SOUTHWESTERLY 113 FEET, MORE OR LESS, ALONG THE MEANDER LINE TO THE PLACE OF BEGINNING;
TOGETHER WITH ALL TIDELANDS OF THE SECOND CLASS ABUTTING THEREON AND ATTACHED THERETO EXTENDING TO THE LINE OF LOW TIDE;
ALSO TOGETHER WITH THE TIDELANDS OF THE SECOND CLASS, LYING BETWEEN THE LINE OF MEAN LOW TIDE AND THE LINE OF EXTREME LOW TIDE IN FRONT OF THE SOUTH 232 FEET OF SAID LOT 12.
PARCEL "B":
THE EAST HALF OF LOT 27 OF GIG HARBOR ABANDONED MILITARY RESERVATION IN SECTION 05, TOWNSHIP 21 NORTH, RANGE 02 EAST OF THE W.M., RECORDS OF PIERCE COUNTY AUDITOR;
EXCEPT COUNTY ROADS.
SITUATE IN THE COUNTY OF PIERCE, STATE OF WASHINGTON
For reference only, not for re-sale
TRACT "E"
LIMITS OF FLOOD ZONE
APPROXIMATE VEGETATION LINE(REC.)
TOE OF SLOPE
ENCROACHMENT RESOLUTION TRACT (SEE DETAIL "B" ON SHEET 4)
LAND SLIDE AND EROSION HAZARD AREA "NATURAL BUFFER AREA"
TRACT "C"
OPEN SPACE(NATURAL RESOURCE PROTECTION)
40' NATURAL BUFFER AREA
CURVE TABLE
LINE TABLE
VERTICAL DATUM
PLAT OF HARBORVIEW WEST (SPY GLASS RIDGE)
ELEV. 327.00 FEET
BASIS OF BEARING
SCALE: 1"=50 FEET
87th ST. CT. NW. - TRACT "D"
LYBECKER DRIVE NW
MATCH TO SHEET 2
201011195004 SHEET 3 OF 4 SHEETS
LARSON AND ASSOCIATES
EXHIBIT A
201011195004



Dennis Hanberg – Director
dennis.hanberg@piercecountywa.gov

2401 South 35th Street, Room 2
Tacoma Washington 98409-7460
piercecountywa.gov/ppw

SENT REGULAR AND CERTIFIED MAIL
RETURN RECEIPT REQUESTED
9171 9690 0935 0155 5459 10

October 26, 2018

John and Deborah Stevens
2211 87th Street Court NW
Gig Harbor WA 98332

**NOTICE AND ORDER TO CORRECT**
**Final Written Order**
**From the Pierce County Planning Section of the**
**Planning and Public Works Department**

RE: Water Feature Constructed Within the 25 Foot Wide 'Undisturbed Natural Screening Easement' - Lot 5 of West Passage Ridge (Parcel No. 4001960050), located in Section 5, Township 21 North, Range 2 East, W.M., Service Request Case No. 63837

Dear Mr. and Mrs. Stevens:

On September 6, 2018, we sent you a letter stating the undisturbed nature of the 25-foot natural screening easement. On our September 18th site visit, we observed a water feature that is constructed within the northwestern corner of the 25 foot screening easement. Note: the letter dated September 6, 2018 incorrectly stated 30 feet, however, the subject easement is 25 feet in width.

**PIERCE COUNTY CODE SECTION**

- Plat of West Passage Ridge/SPR55-94 an 'Undisturbed Natural Screening Easement' is shown on the plat drawings recorded January 19, 2001 (portion affecting lot 5 enclosed). A letter from the Pierce County Hearing Examiner (enclosed), dated August 22, 2002, speaks to the requirements and code basis of the subject easement.

**DESCRIPTION OF CONFIRMED VIOLATION**

Construction of a non-permitted water feature within the 'Undisturbed Natural Screening Easement'.

**HOW TO CORRECT THE VIOLATION**

- Do one of the following:
- Remove the water feature from the subject easement and replace the affected ground with native vegetation, followed by a request for a final site inspection. To request a site inspection, contact Ray Hoffmann, Associate Planner.
- Apply for a Plat Alteration to West Passage Ridge with the following considerations:
  - The application can request an allowance for landscape features (or additional items) or request that the screening easement be modified or eliminated.
  - Multiple lot owners affected by the subject easement could request a plat alteration as a group.
  - A plat alteration requires 51% approval of all lot owners in the plat.
  - The applicant must provide a statement in writing from the Home Owner's Association (HOA) president that the proposed alteration is not in conflict with the HOA bylaws.

EXHIBIT B

- A plat alteration application can be submitted (in electronic format) to the Pierce County Planning and Land Services Development Center, located at 2401 South 35th Street, Tacoma, Washington or online at our website. Our office hours are Monday through Friday, 9:00 am to 2:00 pm, except holidays

**COMPLIANCE DATE**

This Notice and Order to Correct provides official final notice of this violation, and becomes effective immediately upon receipt. This Notice directs you to correct the violation by no later than **December 28, 2018.**

**NOTICE OF ENFORCEMENT ACTIONS**

If you fail to comply with the terms of this Notice, Pierce County will take the following enforcement actions:

- Record a Notice of Non-Compliance on title.
  - Non-Compliance notifies any interested parties or lenders of a violation on the property.
  - Recording fees need to be paid by the owner.
- Issue civil penalties in the amount of $1,000, $4,000, and $10,000.
  - Pierce County will turn over any unpaid civil penalties to a collection agency.
- Criminal misdemeanor charges punishable by 90 days in jail (PCC 18.140.050-Penalties).

**APPEAL**

This decision may be appealed to the Pierce County Hearing Examiner under Chapter 1.22.090 and 8.08 of the Pierce County Code. To appeal as an administrative order or decision:

- Submit an application for an Appeal of an Administrative Official's Order or Decision within fourteen (14) days of the date of this Order. You may submit your appeal with the appropriate application fee to the Pierce County Development Center, located at the Pierce County Public Services Building (Annex), 2401 South 35th Street, Tacoma, Washington 98409. Our development center office hours are Monday through Friday, 9:00 am to 2:00 pm, except holidays.
- Obtain appeal forms from the Pierce County Development Center or online at http://www.co.pierce.wa.us/DocumentCenter/View/4233.
- Include an application fee of $250.00.
- See Pierce County Hearing Examiner Code, Section 1.22.090 for regulations concerning appeals of an administrative official's decision.
- If you cannot afford to pay the appeal fee, it may be waived. Inquire at the Pierce County Development Center for more information about waivers of appeal fees for indigent citizens.

Thank you for your anticipated cooperation in resolving this matter. Please contact me at ray.hoffmann@piercecountywa.gov or at (253) 798-2788 to ask questions regarding this Notice and Order to Correct.

Sincerely,

Ray Hoffmann
Associate Planner

RH:kgl
Enclosures
cc: Kathleen Larrabee, Supervisor, Resource Management, PALS

EX. B